M. G. Byrne et al., Appellants, v. H. L. Meites, Appellee.

Gen. No. 39,303.

Opinion filed October 20, 1937. Rehearing denied November 2, 1937.

·Stephen A. Cross and W. L. Murray, both of Chicago, for appellants.

Bernard J. Brown, of Chicago, for appellee.

Mr. Justice Denis E. Sullivan delivered the opinion of the court.

This is an appeal by plaintiffs, M. G. Byrne, R. C. Brinker, and E. F. Bradford, from a judgment entered

in favor of defendant H. L. Meites for costs in a suit brought by them upon an assigned account or indebtedness for the sum of $500, which was owing to All-Weather Tire & Supply Company, a corporation.

Plaintiffs' amended statement of claim alleges that certain school scrip had been delivered to one Irving Meites for the purpose of converting the same into warrants and that on December 31, 1932, there was a balance of $500, owing to All-Weather Tire & Supply Company, a corporation, to recover which amount suit was contemplated, but the action was withheld when H. L. Meites, defendant, who is the father of Irving Meites, agreed to assume responsibility for the payment of this balance of $500, which was owing by his son, and guaranteed to pay said sum at the rate of $50 per month. The guarantee reads as follows:

"December 31, 1932

"All-Weather Tire & Supply Company
1520 W. 35th Street,
Chicago, Illinois

"Gentlemen:

"This is to acknowledge receipt by Irving Meites, my son, of certain school scrip for the purpose of converting same into warrants. Most of them have been so converted but there is a balance left amounting to $500.00.

"I, the undersigned, assume responsibility for same and guarantee payment thereof, with the understanding that such payment be made at the rate of $50.00 per month until paid up in full.

"Very truly yours,
"H. L. Meites."

Upon this written guarantee the defendant had paid $110, on account so that there remained unpaid a balance of $390, and interest on said balance.

The statement of claim then set forth a series of assignments of "all the assets of said corporation"

through which the plaintiffs in this suit became the actual bona fide owners of said chose in action, setting forth how the owner or assignee acquired title. The allegations as to each assignment set forth "how" and "when" the assignee acquired title.

The statement of claim further set forth that one of the plaintiffs, by affidavit, swore that the allegations in the statement of claim were true and further stated that the plaintiffs were "the actual bona fide owners of the chose in action" as shown by the statement of claim.

In the affidavit of merits of defendant it is alleged that Irving Meites was to receive a commission for the exchange of the school scrip into warrants and that by reason of the fact that the scrip was not worth its face value, the commission due Irving Meites was in excess of the value of the scrip withheld. The affidavit of merits did not deny there was a balance of $500, owing on December 31, 1932, and did not deny and did not mention the various assignments of the assets of this corporation, which assignments listed the claim herein and did not deny that plaintiffs were the "actual bona fide owners" of the particular item sued on and further did not deny that defendant had agreed to assume the responsibility for payment of the balance owing by Irving Meites.

At the hearing of the cause the court indicated that the original statement of claim was not sufficient and offered to give the plaintiff the opportunity of amending its pleadings and indicated that he would render judgment in favor of the plaintiffs if that were done.

Counsel for plaintiffs contend that there being no denial of the liability or the amount due, that further amendments were not necessary. We think the contention of counsel for plaintiffs was correct.

Rule 63 of the municipal court of Chicago provides: "Every allegation of fact in any pleading, if not denied specifically or by necessary implication, or stated

to be not admitted in the pleadings of the opposite party, shall be taken to be admitted, except as against an infant or other person not *sui juris.*"

By assuming liability for the debt, the defendant became the primary debtor and in his guarantee of payment he set out specifically the amount of money he would pay. In his affidavit of merits defendant did not deny that he obligated himself to pay the sum of $500, part of which was paid, leaving a balance due.

Whilst care should be used in the preparation of pleadings, so as to make the issues growing out of the same intelligent to the reader, yet such criticism should not be so hypercritical as to defeat or interfere with the administration of justice. There can be no doubt from the pleadings and the evidence before us that the defendant agreed to pay this amount of money, that he paid part of it and, having done so, he should now be required to pay the balance. For that reason the trial court erred in entering judgment for defendant and should have entered judgment for the plaintiffs. Therefore, for the reasons herein set forth the judgment of the municipal court is reversed and judgment is entered here for plaintiffs in the sum of $390, with interest thereon at the rate of five per cent from March 1, 1933.

*Judgment reversed and judgment here.*

Hebel, P. J., and Hall, J., concur.